**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DWAYNE HOWARD ST. THOMAS, | ) | CASE NO. 5:25-CV-1009 |
| Plaintiff, | ) ) ) | JUDGE CHARLES E. FLEMING |
| vs. | ) ) ) | **MEMORANDUM OPINION AND** |
| COMPLETE SERVICE CENTER AND TOWING, LLC, | ) ) ) | **ORDER** |
| Defendant. | ) ) | |

*Pro se* Plaintiff Dwayne Howard St. Thomas, an Ohio resident, filed this action against Complete Service Center and Towing, LLC, located in Rootstown, Ohio, claiming they towed and eventually sold his vehicle. (ECF No. 1). He did not pay the filing fee for this action and submitted an application to proceed *in forma pauperis*. (ECF No. 2). He did not make a sincere attempt to complete the application. Instead, he wrote a "0", "?" or "N/A" in every blank asking for information about his income, assets, and expenses. (*Id*. at PageID #15–19). On the last page of the application, he suggests that he is willing to pay the filing fee with a bill of exchange. (*Id*. at PageID #19).

Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income, and debt that demonstrates the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). Pauper status does not require absolute destitution. *Foster v. Cuyahoga Dep't of Health & Hum. Servs*., 21 F. App'x 239, 240 (6th Cir. 2001). Instead, the Court must examine the affidavit and determine whether the litigant can pay the court costs without undue hardship.

1

*Foster*, 21 F. App'x at 240.  It is within the Court's discretion to allow a litigant to proceed *in forma pauperis*.  *Id*.  Proceeding *in forma pauperis* is a privilege, and not a right.  *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

Here, Plaintiff did not demonstrate an inability to pay the filing fee.  He did not attempt to complete the form or provide the Court with any information regarding his assets, income, and expenses.  He lists an address (ECF No. 1, PageID #1), and a telephone number (ECF No. 2, PageID #19), which suggest that he has housing and utilities.  He did not disclose those expenses to the Court.  He did not list food expenses.  If he has expenses, he must either have a source of income or he is receiving support from family members or friends.  He did not disclose any support or financial assistance.  He signed the application "under penalty of perjury" attesting that the information in the application was true and acknowledging that a false statement may result in dismissal of his claims.  (ECF No. 2, PageID #15).  Without accurate and complete information, the Court has no basis to grant the application.

Accordingly, Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is **DENIED** and this action is **DISMISSED WITHOUT PREJUDICE**.  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.  Plaintiff may reopen this case within thirty (30) days of the date of this order by first paying the full filing fee of $405.00 and then filing a motion to reopen.  The Court will not accept additional documents for filing in this case, including a motion to reopen or a motion for reconsideration, unless and until the full filing fee is paid to the Court's satisfaction.  Furthermore, the filing fee must be paid by check made payable to the United States District Court for the Northern District of Ohio.  The Court does not accept bills of exchange, promissory notes, or other types of "negotiable instruments."

**IT IS SO ORDERED.**

Date: May 20, 2025

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**